UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON CHIKHLADZE,

      Plaintiff,

v.

GOVERNMENT OF THE KINGDOM
OF DENMARK, et al.,

      Defendants.

Case No. 25-cv-10666

Honorable Robert J. White

## ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT

Before the Court is *pro se* Plaintiff Simon Chikhladze's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief and for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Chikhladze's application has made the required showing of indigence. The

Court therefore grants the application and permits the complaint to be filed without requiring Chikhladze to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

(i)     is frivolous or malicious;
(ii)    fails to state a claim on which relief may be granted; or
(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327–28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up). In addition to the ability to dismiss the complaint under § 1915(e)(2)(B), the Court may dismiss the action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In his complaint, Chikhladze asserted claims against the foreign states of Denmark and Georgia, "Georgian authorities," former high-ranking Georgian officials, and a series of individuals either unidentified or identified by their first name only. (ECF No. 1, PageID.3).   Chikhladze claimed that the Defendants deprived him of rights under the Fifth Amendment by improperly denying his visa application, obstructed justice by preventing him from boarding international flights and interfering with his asylum applications, and tortured him, among other claims. (ECF No. 1, PageID.5).   The torture supposedly involved the use of a washing machine to inflict sleep deprivation. (*Id.* at PageID.9).   Chikhladze also claimed that he is homeless and that his homelessness is a method of psychological torture employed by Georgian authorities. (*Id.*).   He requested relief in the form of declaratory judgment that Defendants' conduct violated his rights under United States and international law and compensatory and punitive damages.   Overall, the Court finds that Chikhladze's complaint is without merit and failed to state a claim upon which relief may be granted, and that it lacks subject-matter jurisdiction over Chikhladze's claims against Denmark and Georgia.

To start, not only does the Court lack jurisdiction generally over Denmark and Georgia, but Chikhladze failed to provide any reason for the Court to exercise such jurisdiction.   Under the Foreign Sovereign Immunities Act of 1976 (FSIA), Pub. L. No. 94-583, 90 Stat. 2891 (codified as amended at 28 U.S.C. § 1602 et seq.),

"[f]oreign states are generally immune from suit in United States courts." *Triple A. Intern., Inc. v. Democratic Republic of Congo*, 721 F.3d 415, 416 (6th Cir. 2013). Although exceptions exist, *see* 28 U.S.C. § 1605, Chikhladze did not raise any, and inserted no factual allegations that would allow the Court to conclude an exception applies. Instead, the allegations exclusively involved actions by foreign entities that are "governmental in nature," namely, Georgia's detention and treatment of Chikhladze, which fall outside the FSIA's exception. *See Raji v. Embassy of Fed. Republic of Benin*, No. 2:21-cv-5227, 2021 WL 5359798, at *2 (S.D. Ohio Nov. 17, 2021), *report and recommendation adopted*, 2021 WL 5810556 (S.D. Ohio Dec. 6, 2021); *see also Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 812 (6th Cir. 2015) ("[A] foreign nation 'is immune from the jurisdiction of foreign courts as to its sovereign or public acts . . .'") (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 359–60 (1993)). Thus, the Court is clearly foreclosed from presiding over claims against Denmark and Georgia, and Chikhladze presented no facts for the Court to decide otherwise.

Next, Chikhladze's claims against the individual defendants are conclusory and lack sufficient factual matter to survive dismissal under § 1915(e)(2)(B). For example, Chikhladze relied on "conclusory and non-specific" allegations about actions "taken by a series of unidentified individuals," *McConaughy v. Republic of Philippines*, No. 2:21-cv-3930, 2021 WL 3284746, at *3 (S.D. Ohio Aug. 2, 2021),

*report and recommendation adopted*, 2021 WL 4169358 (S.D. Ohio Sept. 14, 2021), that is, the "Georgian Authorities." *See id.* at \*2–3 (rejecting similarly vague references to police action in the Republic of the Philippines). Specifically, Chikhladze claimed that the Georgian Authorities worked with a criminal network to torture Chikhladze, but he presented no proof or connection beyond his own unsubstantiated beliefs. (ECF No. 1, PageID.9). The same pattern of conclusory allegations presents itself as the other individual defendants. Chikhladze named them but offered few facts to actually tie them to the alleged harms. (*Id.* at PageID.3).

In addition, Chikhladze's claims are fantastical and cannot survive dismissal. He alleged that the Georgian Authorities, high-ranking Georgian officials, "the next door gentleman," and others essentially conspired to detain him illegally in Georgia and facilitate his torture through the use of a washing machine in an adjacent apartment. (ECF No. 1, PageID.4). Other frivolous allegations include that a former consular officer of the British Embassy in Georgia had "good connections to Moscow, and M16" and worked to deny his visa and that Chikhladze had personally "observed a network of regional actors, including individuals affiliated with Danish organizations, Gaza security services, and regional intelligence entities, orchestrating cover operations against" him. (*Id.* at PageID.4–5).

5

Finally, Chikhladze asserted that his United States visa application "was improperly denied" and "influenced by improper involvement of [a] foreign actor." (*Id.*).  But Chikhladze did not name the United States or any of its actors as defendants, and regardless of if he did, "[v]isa decisions, as a general matter, fall within the domain of the Legislative and Executive Branches." *Baaghil v. Miller*, 1 F.4th 427, 432 (6th Cir. 2021).  Congress sets the "terms for acceptance and denial" and the Executive branch exercises "considerable discretion in implementing those requirements through U.S. consulates around the world." *Id.*  As a result, "courts rarely second guess the decisions of consulates to deny or grant applications" under the "doctrine of consular non-reviewability." *Id.*  Instead, to qualify for court review, the consulate's decision must implicate "the constitutional rights of United States citizens or lawful permanent residents." *Id.*  Because Chikhladze is neither a United States citizen nor a lawful permanent resident, the Court has no basis to review the denial and cannot offer Chikhladze any relief on his visa-related claim.

Ultimately, Chikhladze's complaint lacks merit, presents insufficient facts to state a claim, and is largely frivolous in its factual and legal assertions. The Court also lacks jurisdiction over Denmark and Georgia. Therefore, for the reasons stated above, the Court will dismiss Chikhladze's complaint under both § 1915(e)(2)(B) and 12(h)(3). Accordingly,

The Court ORDERS that the Chikhladze's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED.  The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief and for lack of subject matter jurisdiction.

The Court further ORDERS that Chikhladze may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court further ORDERS that Chikhladze's Emergency Motion for Confirmation of Right to Leave Country (ECF No. 4) is MOOT.


Dated: April 18, 2025                          s/Robert J. White
                                               Robert J. White
                                               United States District Judge

7